1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   PARAMJIT SINGH SAINI,                    NO. 2:07-cv-00601-MCE-KJM

12             Plaintiff,

13        v.                                  MEMORANDUM AND ORDER

14   U.S. CITIZENSHIP AND
     IMMIGRATION SERVICES; EDUARDO
15   AGUIRRE, DIRECTOR, U.S. CITIZENSHIP
     AND IMMIGRATION SERVICES, GERARD
16   HEINAUER, DIRECTOR, USCIS NEBRASKA
     SERVICE CENTER; EVELYN UPCHURCH,
17   DIRECTOR, USCIS TEXAS SERVICE
     CENTER; MICHAEL CHERTOFF, SECRETARY,
18   DEPARTMENT OF HOMELAND SECURITY;
     ROBERT S. MUELLER, DIRECTOR, FEDERAL
19   BUREAU OF INVESTIGATIONS; ALBERTO
     GONZALES, U.S. ATTORNEY GENERAL,
20
               Defendants.
21

22                              ----oo0oo----

23        Through the present Complaint for Writ of Mandamus,

24   Plaintiff Paramjit Singh Saini ("Plaintiff") seeks to compel

25   Defendants to adjudicate his I-485 Application to Register

26   Permanent Resident or Adjust Status, which Plaintiff filed with

27   the United States Citizenship and Immigration Services ("USCIS")

28   almost six years ago, on June 10, 2002.

                                    1

Defendants now seek to dismiss Plaintiff's Complaint on grounds that this Court lacks subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1),[1] or alternatively that the Complaint fails to state a claim upon which relief can be granted in accordance with Rule 12(b)(6).  For the reasons set forth below, Defendants' Motion will be denied.[2]

## BACKGROUND

Plaintiff is a native and citizen of India who was granted asylum in the United States on June 1, 2001.  Complaint, ¶ 5.  As indicated above, Plaintiff filed his Form I-485, pursuant to 8 U.S.C. § 1159(b), for adjustment of his residence status on June 10, 2002.  Id.  The USCIS, an agency within the Department of Homeland Security, has been entrusted with the responsibility for adjudicating applications like Plaintiff's by the Attorney General.

Although Plaintiff's Form I-485 was initially filed in Nebraska, the application was subsequently transferred to the Texas Service Center, which issued a request for information on September 21, 2005.  Id. at ¶ 18.  Plaintiff responded to the request a week later, on September 28, 2005.

///

///

[1] Unless otherwise noted, all further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. Local Rule 78-230(h).

1    To date, the USCIS has still not adjudicated Plaintiff's
2  application.  According to Defendants' moving papers, Plaintiff's
3  application was referred in March of 2006, nearly four years
4  after it was initially submitted, to the Fraud Detection Unit of
5  the Texas Service Center.  Prusinowki Decl., ¶ 10.  Defendants
6  maintain that Plaintiff's file will be referred to the
7  Immigration and Customs Enforcement Agency if this investigation,
8  which apparently is ongoing, shows any fraud.  <u>Id</u>.

9    Plaintiff has brought the instant action on grounds that the
10 USCIS has unreasonably delayed the adjudication of his status
11 application in contravention of the Administrative Procedures Act
12 ("APA") at 5 U.S.C. §§ 505(b) and 702.  Plaintiff alternatively
13 claims he is accordingly entitled to a writ of mandamus to compel
14 the USCIS to adjudicate his application under the Mandamus and
15 Venue Act ("MVA"), 28 U.S.C. § 1361.

16   Defendants request dismissal of Plaintiff's Complaint on
17 grounds that Congress has divested the courts of jurisdiction
18 over suits like Plaintiff's because they concern decisions or
19 actions that are committed to agency discretion.  Defendants
20 therefore contend that the Court lacks subject-matter
21 jurisdiction over Plaintiff's claims and urge dismissal under
22 Federal Rule of Civil Procedure 12(b)(1).  Defendants further
23 contend that even in the absence of a jurisdictional bar,
24 Plaintiff still cannot avail himself of mandamus relief either
25 under the APA or the MVA because he cannot show that the USCIS
26 has a clear, ministerial duty to adjudicate his application on a
27 timely basis.
28 ///

Therefore, Defendants alternatively assert that Plaintiff's suit should also be dismissed for failing to meet the prerequisites for jurisdiction under Rule 12(b)(1), and for failure to state a claim under Rule 12(b)(6).

**STANDARD**

**A.   Rule 12(b)(1)**

Federal Courts are presumptively without jurisdiction over civil actions, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Lack of subject-matter jurisdiction is never waived and may be raised by either party or the court at any time. Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d. 593, 594-95 (9th Cir. 1996). Lack of subject-matter jurisdiction may be raised by the district court *sua sponte*: "Nothing is to be more jealously guarded by a court than its jurisdiction." In re Mooney, 841 F.2d. 1003, 1006 (9th Cir. 1988).

In a motion to dismiss for lack of subject-matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed materials facts will not preclude the court from evaluating for itself the merits of jurisdictional claims." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). The court may properly review evidence outside the pleadings to resolve factual disputes concerning the existence of jurisdiction. Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947).

4

Consideration of material outside the pleadings does not convert a Rule 12(b)(1) motion into one for summary judgment. <u>Biotics Research Corp. v. Heckler</u>, 710 F.2d 1375, 1379 (9th Cir. 1983).

## B. Rule 12(b)(6)

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. <u>Id</u>. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

5

1    If the court grants a motion to dismiss a complaint, it must

2    then decide whether to grant leave to amend.  The court should

3    "freely give[]" leave to amend when there is no "undue delay, bad

4    faith[,] dilatory motive on the part of the movant, . . . undue

5    prejudice to the opposing party by virtue of . . . the amendment,

6    [or] futility of the amendment. . . ."  Fed. R. Civ. P. 15(a);

7    Foman v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to

8    amend is only denied when it is clear that the deficiencies of

9    the complaint cannot be cured by amendment.   DeSoto v. Yellow

10   Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

11

12                            **ANALYSIS**

13   **A.   8 U.S.C. § 1252(a)(2)(B)(ii)**

14

15   Plaintiff's objective in this case is to expedite

16   adjudication of the I-485 Application for Status Change he

17   submitted to the USCIS.  8 U.S.C. § 1159(b)(1) provides that

18   either the Secretary of Homeland Security or the Attorney

19   General, may, under such regulations as they prescribe, "adjust

20   to the status of an alien lawfully admitted for permanent

21   residence the status of any alien granted asylum who (1) applies

22   for such adjustment...."

23   Section 1252(a)(2)(B)(ii), however, prevents a court from

24   adjudicating questions pertaining either to a "decision or

25   action" of the Attorney General or Secretary of Homeland

26   Security, stating as follows:

27   ///

28   ///

6

**(B) Denials of discretionary relief**

   Notwithstanding any other provision law (statutory or nonstatutory).... no court shall have jurisdiction to review-

         (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1129b, 1229c, or 1255 of this title, or

         (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter[3] to be in the discretion of the Attorney General or the Secretary of Homeland Security....

(emphasis in original).

   Defendants claim that the language of subdivision (ii) divests this Court of subject-matter jurisdiction.  They assert that Plaintiff's claims necessarily relate to a "decision or action" subject to the discretion of the Attorney General. Defendants claim that any judicial intervention in the USCIS' adjudicative process is therefore prohibited by the statute.

   Although no circuit court in the country has yet spoken to this issue, and while district courts are split,[4] this Court is persuaded that the USCIS has a ministerial duty to take some action on immigration applications like that presented by Plaintiff here.

---

   [3] The term "this subchapter" refers to Subchapter II of Chapter 12 of the United States Code, which is comprised of 8 U.S.C. §§ 1151 to 1381 and hence includes § 1159.

   [4] See Dong v. Chertoff, 513 F. Supp. 2d 1158, 1160 (N.D. Cal. 2007) (while the questions "has come before numerous district courts across the county in recent years[,] [t]here is of yet no appellate guidance, and the district courts are split); see also Camarena v. Chertoff, 2008 WL 161481 (N.D. Ill. 2008) ("no circuit court has spoken on this issue, and district courts around the country are divided")

1  In <u>Soneji v. Dep't of Homeland Security,</u> 2007 WL 3101660 (N.D.

2  Cal. 2007), the defendants claimed that § 1252(a)(2)(B)(ii)

3  strips the court of jurisdiction to review either action or

4  inaction in this context.   In rejecting that contention, the

5  Northern District stated as follows:

6      "Defendants argue that by seeking to compel
        adjudication of their I-485 Applications, Plaintiffs
7      seek federal judicial review of a discretionary action,
        which is precluded by § 1252.  Defendants, however,
8      misunderstand the scope of § 1252. By its own language,
        the statute applies to "judgment[s], decision[s] or
9      action[s].... 8 U.S.C. § 1252(a)(2)(B).  Plaintiffs are
        not seeking judicial review of a judgment, decision, or
10     action.  Instead, Plaintiffs are seeking to compel the
        government to take some action on a decision that has
11     been languishing for more than three years."

12 <u>Id</u>. at *2.

13     The <u>Soneji</u> court therefore concluded:

14     In the present case, there has been no action taken by
        USCIS, Thus, as there has been no "judgment, decision,
15     or action" by the government, § 1252 is inapplicable
        and is therefore not a bar to jurisdiction."

16

17 <u>Id</u>. at *3.

18     The Court agrees that the jurisdictional bar of

19 § 1252(a)(2)(B)(ii) is simply inapplicable to the circumstances

20 presented by this case.  As the court in <u>Fu v. Gonzalez</u>, 2007 WL

21 1742376 at *4 (N.D. Cal. 2007) explains: "The plain language of

22 [§ 1252] addresses 'decision or action' on immigrant matters, not

23 inaction, which is the subject of [this] Complaint."[5]

24 ///

25

26     [5] Moreover, as noted in <u>Konchitsky v. Chertoff</u>, 2007 WL
   2070325 at *3 (N.D. Cal. 2007), § 1252(a)(2)(B) is entitled
27 "Denials of discretionary relief", and therefore does not apply
   to Plaintiff's situation, as he has neither been granted nor
28 denied relief.  Instead, Defendants have simply failed to make a
   decision on his application.

The distinction between action and inaction is further

underscored by another Northern District decision, <u>Dong v.</u>

<u>Chertoff</u>, which reasoned as follows:

> "The phrase 'decision or action' connotes some
> affirmative conduct by the Attorney General.  Black's
> Law Dictionary defines 'action' as 'The process of
> doing something; conduct or behavior.' (citation
> omitted).  The 'action' of the statute should therefore
> not be equated with 'inaction' and 'indefinite
> inaction' should not be construed as falling under the
> rubric of the discretion accorded the Attorney General.

<u>Dong v. Chertoff</u>, 513 F. Supp. 2d 1158, 1165-66 (N.D. Cal. 2007).

Permitting inaction to fall outside the parameters of

judicial review in nonsensical, since to hold otherwise would

"render toothless all timing restraints...[and] would amount to a

grant of permission for inaction." <u>Fu v. Gonzales</u>, 2007 WL

1742376 at *4, citing <u>Duan v. Zamberry</u>, 2007 WL 626116 at *3

(W.D. Pa. 2007); <u>see also</u> <u>Dong v. Chertoff</u>, 513 F. Supp. 2d at

1163, citing <u>Cao v. Upchurch</u> 496 F. Supp. 2d 569, 573 (E.D. Pa.

2007) (the discretion afforded to the Attorney General in

adjusting alien status does not confer discretion to let a

petition languish indefinitely).  A "duty to decide becomes no

duty at all if it is accompanied by unchecked power to decide

when to decide." <u>Razaq v. Poulos</u>, 2007 WL 61884 at *3 (N.D. Cal.

2007).  As Dong notes, "[w]hile the ultimate decision to grant or

deny an application for adjustment of status is unequivocally

discretionary, there exists a non-discretionary duty to act on

and process the application." <u>Dong v. Chertoff</u>, 513 F. Supp. 2d

at 1165.

///

///

9

1    Rules of statutory construction also militate against the

2  inferences Defendants wish to draw from the statute.  To the

3  extent that § 1252(a)(2)(B) creates an exception to judicial

4  review, such exception must be narrowly construed.  Fu v.

5  Gonzales, 2007 WL 1742376 at *5, citing  Yu v. Brown, 36 F. Supp.

6  2d 922, 933-34 (D. N.M. 1999).  A narrow construction of a

7  jurisdiction-stripping provision is favored over a broad one, and

8  a jurisdictional bar is not to be expanded beyond its precise

9  language.  See ANA Int'l Inc. v. Way, 393 F.3d 886, 891 (9th Cir.

10  2004).  By not addressing inaction, as opposed to an affirmative

11  decision or action, the statute does not specifically divest the

12  courts from jurisdiction to consider the propriety of a failure

13  to act altogether, as Plaintiff alleges here.  Dong v. Chertoff,

14  513 F. Supp. 2d at 1163.

15    Finally, the weight of authority supports a finding that

16  Defendants have a non-discretionary duty to process or adjudicate

17  an adjustment application, like that submitted by Plaintiff

18  herein.  See Yu v. Brown, 36 F. Supp. 2d at 931-32; Singh v.

19  Still, 470 F. Supp. 2d 1064, 1067 (N.D. Cal. 2007); Gelfer v.

20  Chertoff, 2007 WL 902382 at *2 (N.D. Cal. 2007); Aboushaban v.

21  Mueller, 2006 WL 3041086 at *2 (N.D. Cal. 2006).[6]

22  ///

23  ///

24

25    [6] While the Court recognizes that other cases have held that
   the USCIS' discretion extends to the pace at which immigration
26  decisions are made as well as the substance of the decisions
   themselves, the Court rejects the reasoning employed by those
27  cases.  See, e.g., Grinberg v. Swacina, 478 F. Supp. 2d 1350,
   1352 (S.D. Fla. 2007);  Safadi v. Howard, 466 F. Supp. 2d 696,
28  698-700 (E.D. Va. 2006.

1  This is underscored by the governing regulations applicable to §

2  1159(b), which provide that an applicant for adjustment of status

3  under that section "**shall** be notified of the decision, and, and

4  if the application is denied, of the reasons for denial. 8 C.F.R.

5  § 209.2(f) (emphasis added).

6       In sum, the Court concludes that 8 U.S.C. § 1252(a)(2)(B)(ii)

7  does not divest the Court of jurisdiction over Plaintiff's claim

8  that Defendants must be compelled to take some action on his

9  I-485 Application.   Hence Defendant's 12(b)(1) Motion to Dismiss

10 on that ground is rejected.

11      Even in the absence of a jurisdictional bar, Defendants

12 still claim that Plaintiff cannot establish subject-matter

13 jurisdiction over this matter because he cannot demonstrate that

14 USCIS has a clear, ministerial duty, as opposed to discretionary

15 authority, to a *timely* adjudication of his I-485 Application.

16 Because Defendants assert that this failure dooms Plaintiff's

17 attempt to invoke jurisdiction under either the APA or the MVA,

18 they claim to be entitled to a Rule 12(b)(1) adjudication in

19 their favor on that basis.   Alternatively, Defendants claim that

20 Plaintiff cannot meet the prerequisites for a claim under either

21 statutory scheme, and that therefore relief under Rule 12(b)(6)

22 for failure to state a claim upon which relief can be granted is

23 also warranted.   The Court will first address Plaintiff's claims

24 in the context of the APA.

25 ///

26 ///

27 ///

28 ///

1        **B.   Jurisdiction Under the Administrative Procedures Act**

2

3        While the APA's judicial review provisions do not provide an

4   independent basis for subject-matter jurisdiction (Califano v.

5   Sanders, 430 U.S. 99, 104 (1977)), when combined with the Court's

6   federal question jurisdiction under 28 U.S.C. § 1331, the APA

7   vests the Court with jurisdiction to "compel agency action

8   unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1);

9   Yu v. Brown, 36 F. Supp. 2d at 928 (D. N.M. 1999).  Relief under

10  the APA is limited to instances where an agency is alleged to

11  have failed to take "a *discrete* agency action that it is *required*

12  *to take*."  Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 64

13  (2004) (emphasis in original).  The APA explicitly exempts from

14  judicial review those actions "committed to agency discretion by

15  law."  5 U.S.C. § 701(a).  With respect to required ministerial

16  action, however, the APA requires administrative agencies, at

17  5 U.S.C. § 555(b), to act upon such matters "within a reasonable

18  time."  See Adoushaban v. Mueller, 2006 WL 3041086 at *2.[7]  In

19  addition, by using the term "shall" in requiring that the courts

20  compel action unlawfully withheld or unreasonably delayed,

21  Congress imposed a mandatory duty in that regard.  Forest

22  Guardians v. Babbitt, 164 F.3d 1261, 1269 (10th Cir. 1998; see

23  also Pierce v. Underwood, 487 U.S. 552, 5690570 (1988) (Congress'

24  use of "shall" constitutes mandatory language).

25  ///

26

27        [7] As indicated above, while a court can compel an agency to
    act, it has no power to specify what the action must be.  Norton
28  v. S. Utah Wilderness Alliance, 542 U.S. 55, 64 (2004).

1    As already discussed, the Court concludes that the duty to
2  act on an application, as opposed to what action will be taken,
3  is not discretionary on the part of the USCIS.  Therefore the
4  salient point, in considering the availability here of relief
5  under the APA, is whether or not there has been an unreasonable
6  delay entitling Plaintiff to judicial intervention.  The absence
7  of a specified deadline within which action must be taken does
8  not change the nature of USCIS' obligation from one that is
9  ministerial to a matter within the agency's discretion.  Razaq v.
10 Poulos, 2007 WL 61884 at *4 (N.D. Cal. 2007).  Although neither
11 the APA or MVA specifies the time within which a decision on an
12 application like Plaintiff's should be made, "by necessary
13 implication the adjudication must occur within a reasonable
14 period of time," since "[a] contrary position would permit the
15 [USCIS] to delay indefinitely, a result Congress could not have
16 intended."  Liang v. Attorney General, 2007 WL 3225441 at *5,
17 citing Yu v. Brown, 36 F. Supp. 2d at 932.  Consequently, in
18 assessing the merit of Plaintiff's Motion to Dismiss, the Court
19 must determine whether the pace of Defendants' action on
20 Plaintiff's I-485 Application has been reasonable.

21    In order to grant Defendant's Motion to Dismiss, then, the
22 Court must determine as a matter of law that Defendants' delay in
23 processing Plaintiff's I-485 Application has been reasonable.
24 That question cannot be determined in the context of a motion to
25 dismiss.  Fu v. Gonzalez, 2007 WL 1742376 at *4.  "What
26 constitutes an unreasonable delay in the context of immigration
27 applications depends to a great extent on the facts of the
28 particular case." Yu v. Brown, 36 F. Supp. 2d at 934.

1  Even though an agency's determination as to what time period is

2  reasonable must be given "wide berth" (<u>Gelfer v. Chertoff</u>, 2007

3  WL 902382 at *2, citing <u>Yu</u>, 36 F. Supp. 2d at 932), such a

4  determination necessarily involves factual inquiry going beyond

5  the permissible parameters of this motion to dismiss, which is

6  directed primarily to the sufficiency of Plaintiff's pleadings[8]

7  as opposed to the ultimate merits of his claim once the pertinent

8  facts have been fully developed.

9      The Court recognizes that the question of whether the timing

10 of application decisions can be subject to judicial review is far

11 from settled.  Other Courts have found that the relevant

12 statutory framework in fact precludes judicial review of the pace

13 at which the government reviews change of status applications.

14 <u>See, e.g.</u>, <u>Grinberg v. Swacina</u>, 478 F. Supp. 2d 1350, 1353 (S.D.

15 Fla. 2007) (holding that 8 U.S.C. § 1252(a)(2)(B)(ii) preclude

16 judicial review of not only the USCIS' ultimate decision on a

17 status application but also the time parameters within which the

18 decision is made); <u>Safadi v. Howard</u>, 466 F. Supp. 2d 696, 698

19 (E.D. Va. 2006) (same).

20 ///

---

22 [8] While extrinsic evidence may also be considered in a
   Rule 12(b)(1) Motion to Dismiss for lack of subject matter
23 jurisdiction, the only such evidence provided by Defendants to
   bolster their claims is the Declaration of Thomas G. Prusinowski,
24 which contains a single paragraph (No. 10) directed to the
   particulars of Plaintiff's claim and says little besides the
25 apparent fact that Plaintiff's I-485 Application was sent to
   Prusinowski's unit in Texas in March of 2006, nearly four years
26 after it was submitted.  The Prusinowski Declaration makes no
   attempt whatsoever to justify the initial delay before the file
27 was sent to Texas, and while it indicates that 7,500 files are
   pending review for fraud at the Texas Fraud Detection Unit, it
28 makes no case for the assertion that Plaintiff's claim was
   particularly complex or time-consuming.

1    This District is in fact split over the issue.  In <u>Jiaru Hu</u>

2  <u>v. Chertoff</u>, U.S. Dist. LEXIS 40489 at *12 (E.D. Cal. 2002),

3  Judge Shubb held that the processing speed for I-485 applications

4  is a matter within the discretion of the USCIS.  Moreover, in

5  <u>Chen v. Chertoff</u>, 2007 WL 2581895 (E.D. Cal. 2007), Judge Burrell

6  adopted findings and recommendations relying on the <u>Jiaru Hu</u>

7  decision.  On the other hand, in <u>Liu v. Chertoff</u>, 2007 WL 2433337

8  (E.D. Cal. 2007), Judge Beistline reasoned that judicial review

9  of unreasonably delayed petitions is permissible, "because

10  without mandamus relief, USCIS could withhold a decision

11  indefinitely in contravention of its non-discretionary duty to

12  process such petitions."  <u>Id</u>. at * 4.

13    Significantly, even <u>Jiaru Hu</u> recognized that under certain

14  circumstances agency inaction might, if extreme enough in nature,

15  be considered non-discretionary in nature.  2007 WL 1515067 at

16  *4.  In that event, according to Judge Shubb, "[t]he agency would

17  then not be operating within its statutory discretion but rather

18  abdicating its statutory duty to adjudicate applications, and

19  under those circumstances this court could have jurisdiction to

20  review the agency's actions."  <u>Id</u>.

21    Here, Plaintiff's application has been pending since June of

22  2002, nearly six years ago.  There is no evidence that anything

23  was done to process the application until September of 2005, when

24  the Texas Service Center requested additional information from

25  Plaintiff.

26  ///

27  ///

28  ///

15

1 Although Defendants, in opposition to this Motion, now claim that

2 Plaintiff's claim was referred to the Fraud Detection Unit nearly

3 two years ago, there is no indication that any information has

4 otherwise been transmitted to Plaintiff on the pendency of his

5 application.  This Court agrees with Judge Beistline that the

6 specific time frame of delay must necessarily be assessed, since

7 "[w]hat constitutes a reasonable time for adjudicating an

8 immigration application depends on the facts of each case."  2007

9 WL 2433337 at *4.

10       In both Liu and Chen, the delays found by Judges Shubb and

11 Burrell to be not unreasonable were less than three years.  Here,

12 the delay in question is nearly twice that long, and beyond a

13 conclusory allegation that the matter was referred to the Fraud

14 Detection Unit after it had been pending over three years, there

15 is no explanation whatsoever for the delay.  Those circumstances

16 do not permit the Court to find that the USCIS acted reasonably

17 in processing Plaintiff's I-485 Application.

18       Significantly, no information has been presented to suggest

19 that the USCIS' processing delay was attributable to Plaintiff.

20 Moreover, as discussed above, there is no evidence explaining the

21 reasons for the lengthy delay encountered by Plaintiff.  The fact

22 that Defendants can be compelled to process Plaintiff's

23 Application expeditiously demonstrate that the Court is not

24 bereft of jurisdiction under the Mandamus Act.  Defendants'

25 Motion to Dismiss on that basis must accordingly be DENIED.

26 ///

27 ///

28 ///

16

**C.   Jurisdiction Pursuant to the Mandamus and Venue Act**

The MVA provides districts courts with original jurisdiction in "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.

Because mandamus is deemed a drastic remedy to be invoked only in extraordinary situations (Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980), it is "available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003) (quoting Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1988). Mandamus cannot be used to compel or review discretionary, as opposed to ministerial, acts of government officials.  Nova Stylings, Inc. v. Ladd, 695 F.2d 1179, 1180 (9th Cir. 1983).

Judicial action under the MVA and the APA then, both require a non-discretionary or ministerial duty.  In addition, like the APA, the MVA also requires that the requisite ministerial action be performed in a timely manner.  Courts have consequently recognized that "relief under [the MVA] and the APA are virtually equivalent when a petitioner seeks to compel an agency to act on a nondiscretionary duty." Gelfer, 2007 WL 902382 at *3, citing Independence Mining Co. v. Babbitt, 105 F.3d 502, 507 (9th Cir. 1997) (finding relief sought essentially the same under the MVA and the APA).

17

1   If the Court has jurisdiction over either the APA or the MVA, "it

2   need not address jurisdiction with respect to the other." <u>Dong</u>

3   <u>v. Chertoff</u>, 513 F. Supp. 2d at 1162.

4       Because of the similarity between the two statutory schemes,

5   the fact that Defendants' Motion to Dismiss under the APA fails

6   also dooms its corresponding request under the MVA.

7

8                                **CONCLUSION**

9

10      For all the foregoing reasons, Defendants' Motion to Dismiss

11  is hereby DENIED.

12      IT IS SO ORDERED.

13
    Dated: March 26, 2008

14

15

16                              MORRISON C. ENGLAND, JR.
                                UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

                                    18